MIDDLETON REID *vs.* JOHN FRAZER, impleaded, etc.

November 25, 1887.

**Partnership as to Third Persons.**—Evidence *held* sufficient to support the finding by the jury of the continuance of the partnership relations of the defendants, as to the public and persons dealing with them.

Appeal by the defendant John Frazer from an order of the district court for Stearns county, *Collins*, J., presiding, refusing a new trial.

The assignments of the accounts referred to in the opinion were indorsed upon the accounts, and were in the following form: "For value received I hereby sell, assign, transfer, and set over unto Middleton Reid, his heirs or assigns, the above and foregoing bill of account, and guarantee the same to be true and good. Dated January 17, 1887. William Stewart, (Seal.)" Upon the trial the plaintiff testified, in regard to the assignments, that the accounts were purchased by him, and that he was the sole owner of them, and, upon cross-ex-

amination, that he had not yet paid for the accounts, but "when the money is collected I will pay then what is due on their accounts."

*Bruckart & Reynolds*, for appellant.

*Taylor & Stewart*, for respondent.

VANDERBURGH, J. 1. The plaintiff sues the defendants as copartners upon an account for work and labor, and unites with the cause of action for his own services similar claims in favor of other parties, which are alleged to have been duly assigned to him. The assignments which were offered in evidence were valid transfers of the accounts as between the parties, and sufficient to constitute the plaintiff the real party in interest.

2. The defendant Frazer, who alone appears in the case, insists that the evidence in the case is insufficient to establish a partnership liability as against him. The case made by the plaintiff was not a strong one, but we are of the opinion that there was sufficient evidence to send it to the jury. The defendants were engaged in quarrying stone near St. Cloud, and are admitted to have been in partnership till into March, 1886. Plaintiff's services commenced in the same quarry in April, 1886. The defendant Frazer was there, and directed the plaintiff as to his boarding-place, and showed him where to work. The tools and apparatus of the defendants remained at the quarry unchanged, and there is some evidence tending to show that the business was still carried on in the partnership name, and it does not appear that anything had been done, until after the services in question had been rendered, which would be sufficient to notify the public or third persons that the partnership did not continue.

Order affirmed.